UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
Bankruptcy Judge Thomas B. McNamara

In re:

Jessica Michelle Wolfe

Debtor.

Bankruptcy Case No. 25-17763-TBM
Chapter 13

_____

**ORDER DENYING MOTION TO FILE LATE PROOF OF CLAIM**
_____

This matter comes before the Court on the "Motion to Allow Late-Filed Claim" (Docket No. 21, the "Motion") filed by Creditor Ciras, LLC, (the "Creditor"). No party has objected to the motion.

In the Motion, the Creditor requests that the late-filed proof of claim (Claim No. 18-1, the "Claim") be treated as timely.  The Claims Bar Date was February 3, 2026 (Fed. R. Bankr. P. 3002(c); Docket 10, "Notice of Chapter 13 Bankruptcy Case"); however the Creditor did not file its claim until February 5, 2026. The Creditor asserts that the Claim (in the amount of $46,831.41) is secured by a lien on real property located in South Carolina (the "Property").

 The Creditor argues that the Debtor's "Petition did not identify . . . the Property." The Creditor further asserts that Fed. R. Bankr. P. 9006(b) governs and allows the claims bar date to be extended where the failure to act timely is "the result of excusable neglect."

Neither the factual record nor the law supports the Creditor's assertions.  In a Chapter 13 case, Fed. R. Bankr. P. 3002(c) provides that a proof of claim is timely if filed "70 days after the order for relief."  In the instant case, the Claims Bar Date is February 3, 2026 (Docket 10).  The Creditor filed this Proof of Claim on February 5, 2026, seventy-two days after the filing of the Petition.

Contrary to the Creditor's argument, the Creditor's Motion is governed exclusively by Fed. R. Bankr. P. 3002(c)(7), effective as of December 1, 2024, which provides:

> On a creditor's motion filed before or after the time to file a proof of claim has expired, the court may extend the time by no more than 60 days from the date of its order. The motion may be granted if the court finds that the notice was insufficient under the circumstances to give the creditor a reasonable time to file a proof of claim.

1

Per Fed. R. Bankr. P. 9006(b)(3)(a), the excusable neglect standard under Fed. R. Bankr. P. 9006(b)(1)(b) simply does not apply.

 Factually, the Bankruptcy Noticing Center (the "BCN") sent out the "Notice of Chapter 13 Bankruptcy Case" on November 28, 2025, to the Creditor (Docket No. 11). The Notice of Chapter 13 Bankruptcy Case expressly advised the Creditor of the bankruptcy filing and the February 3, 2026 deadline for filing non-governmental proofs of claim. On the same date, the BCN also sent the Debtor's Chapter 13 Plan to the Creditor (Docket No. 12). The Creditor and the Property are both listed under Part 6 and Part 3 of the Plan. Accordingly, by virtue of the Plan, the Creditor was further informed of the pendency of the bankruptcy case, the Plan, and the Debtor's proposed treatment of the Creditor's Claim. In the Motion, the Creditor does not deny having received either of these notices.

 Notice of Chapter 13 Bankruptcy Case and the Plan provided the Creditor with sufficient notice under the circumstances to give the creditor a reasonable time to file a proof of claim and the Creditor has not argued otherwise. *See In re Kemper*, 2025 WL 719959 at *1 (Bankr. N.D. Ind. Feb. 24, 2025) (denying motion that late filed claims be considered timely because timely notice of deadline to file proof of claim sent to creditors and a "personnel change among attorneys" did not satisfy Fed. R. Bankr. P. 3002(c)(7).)

 Thus, under Fed. R. Bankr. P. 3002(c)(7), the Court finds that the Creditor did have sufficient notice due to the two separate notices that were sent to the Creditor, which the Creditor does not deny having timely received. Accordingly, it is

 ORDERED that the Motion is DENIED.

 Dated this 12th day of March, 2026.

BY THE COURT:

*Thomas B. McNamara*
Thomas B. McNamara,
United States Bankruptcy Judge